```
                                              F I L E D
                                                 Clerk
                                              District Court

                                              JUN 1 4 2006

                                          For The Northern Mariana Islands
                                          By_____
                                                 (Deputy Clerk)
```

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE GAP, INC., et al.,<br><br>      Defendants. | Case No. CV-01-0031<br><br>CLASS ACTION |
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>BRYLANE, L.P., et al.,<br><br>      Defendants. | ORDER AFTER STATUS CONFERENCE |
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>THE DRESS BARN, INC. | |

1

Defendants.    )
_____)

This matter was originally scheduled to come before the Court on May 24th, 2006, for a Status Conference. Pursuant to the request of the parties, the matter was continued to June 6th, 2006.

The status conference was heard by the Court at 9:30 a.m. on June 6th, 2006. Present at the hearing were Traylor Mercer, local counsel for the Plaintiffs, Timothy H. Bellas, representing the garment Oversight Board (OB). Various other counsel were present in the gallery, representing some of the above named Defendants, although none entered their appearance on the record. Several of the participants appeared telephonically. Michael Rubin, Pamela Parker, Keith Park and Joyce Tang appeared on behalf of the Plaintiffs. Lisa Poncia appeared on behalf of Gilradi & Co. LLC (the Claims Administrator).

During the course of the hearing, the Court determined based on the responses from the various parties present that:

1. There was one major obstacle preventing the distribution of funds to the Settlement Class Members (SCM).

2. This obstacle was the inability of Plaintiffs' counsel to make a computation of the amount due to each of the SCM because of the Most Favored Nation Rights of Previously –Settling Retailers (MFN) clause in the Settlement Agreement (SA).

3. Counsel was unable to release the MFN money for distribution because of the possibility that some retailer defendants might claim that the dismissal of one

defendant amounted to a more favorable settlement.

4. The Court stated, on the record, that it was tentatively ruling that a dismissal does not constitute a settlement for purposes of the MFN clause.

5. The Court indicated that it would sign an Order permitting the release of the MFN funds by Plaintiffs' counsel, based on this ruling.

6. The Claims Administrator's representative and Ms. Parker represented to the Court that, based on the release of the MFN funds, computation of the amounts due to each SCM and mailing of the checks could begin within Five (5) weeks.

7. Mr. Park stated that approximately $310,000 of the MFN funds belong to the OB and that based on the above described ruling, the funds would be sent to the OB within Ten (10) days. Approximately $30,000 of the OB funds are for the OB Repatriation Program.

8. Mr. Bellas delivered a report on behalf of the OB which indicates that they have currently expended all of the funds ($356,798) which were in the OB's custody and designated for the Repatriation Program.

9. The OB's report also illustrates the substantial difficulty that is entailed in locating garment workers who have already departed and returned to their country of origin.

10. Mr. Park stated that the OB does have the responsibility, pursuant to the SA, to distribute residual funds which can not be disbursed by the Claims Administrator.

11. Therefore, the OB does have some interest in monitoring the status of the distributions, in order to fulfill this responsibility under the SA.

12. The Court also suggested that the Claims Administrator consider the possibility that the distribution to SCMs might be more efficiently accomplished by in person delivery of the funds.

13. The Claims Administrator and Plaintiffs' counsel will investigate that possibility and may avail themselves of the assistance offered by the OB if necessary.

The Court finds that the Status Conference has resulted in great progress toward the advancement of this matter to its ultimate conclusion. In the court's opinion it is in the best interests of the various parties and participants for the Court to be apprized of the continued progress of this matter. Therefore, the Court finds it reasonable and appropriate that this matter be calendared for a further status conference, Now Therefore,

IT IS HEREBY ORDERED that, any and all parties or their representatives, who have previously appeared at the June 6th 2006 hearing, shall appear for another Status Conference before this Court on 30TH day of August, 2006 at the time of 9:00 a.m. At that time, the Court will expect to be apprized as to which items have already been completed or are in progress of being completed and what matters are still pending and when the pending matters will be completed.

Dated this 14TH day of June, 2006.

_____
ALEX R. MUNSON, Chief Judge

RECEIVED
JUN 14 2006
Clerk
District Court
The Northern Mariana Islands

4