```
                                              FILED
                                               Clerk
                                            District Court

                                            OCT - 3 2006

                                     For The Northern Mariana Islands
                                     By_____
                                            (Deputy Clerk)
```

## UNITED STATES DISTRICT COURT

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated, ) ) ) | Case No. CV-01-0031 |
| Plaintiffs, ) ) | CLASS ACTION |
| vs. ) ) | |
| THE GAP, INC., et al., ) ) | |
| Defendants. ) ) | |
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated, ) ) ) | |
| Plaintiffs, ) ) ) | ORDER AFTER STATUS CONFERENCE |
| vs. ) ) | |
| BRYLANE, L.P., et al., ) ) | |
| Defendants. ) ) | |
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| THE DRESS BARN, INC. ) | |
| Defendants. ) ) | |

1

This matter came before the Court on September 29th, 2006, at 9:00 a.m. for a Status Conference. The parties who formally entered an appearance were Ms. Pamela Parker, Esq. and Mr. Keith Park, Esq., on behalf of the Plaintiffs, Mr. Bruce Cozzi appeared on behalf of Gilardi & Co. LLC, the Claims Administrator. These persons all appeared via telephonic conference. Timothy H. Bellas, was present on behalf of the garment Oversight Board (OB). There were also approximately Thirty (30) persons in the courtroom who were settlement class members of this action.

The Court was advised by Ms. Parker that the settlement checks have been cut and were being delivered for mailing either the day of the status conference or the following day. Mr. Bellas expressed concern about the expiration of the useable time frame under which the OB could perform its responsibilities under Paragraph 14 of the Settlement Agreement which provides: "Should any Settlement payment to a Settlement Class Member or Opt-In Plaintiff be returned as undeliverable with no forwarding address provided or remain uncollected for 120 (one hundred twenty) days, the payment shall be retained as part of the Net Settlement Fund, to be distributed in the OB's discretion to Settlement Class Members and/or Opt-In Plaintiffs or used to fund the Monitoring Program, …" Therefore, the OB requested for notification as to the status of the checks mailed to Settlement Class Members and/or Opt-In Plaintiffs after the expiration of this one hundred twenty (120) day period.

Based on Ms. Parker's request that she be given an opportunity to verify the date the checks were delivered to their mailing service, the Court ordered that she confer with Mr. Bellas, after the hearing, in order to stipulate to the date on which such reporting would be

ordered by the Court.

Now Therefore,

IT IS HEREBY ORDERED that the attorneys for the plaintiffs and/or the Claims Administrator shall provide a written report to the OB of the funds that remain in the Net Settlement Fund after the expiration of the one hundred twenty (120) day period specified above, which has been agreed, based on the date of mailing of the checks, shall expire on January 26th, 2007.

IT IS HEREBY FURTHER ORDERED that the written report specified above shall, therefore, be submitted to the OB no later than February 2nd, 2007.

IT IS HEREBY FURTHER ORDERED that this matter is taken off calendar until such time as any interested party requests for a further status conference or moves the Court for other post settlement relief.

Dated this __3RD__ day of October, 2006.

                                                                ALEX R. MUNSON, Chief Judge

RECEIVED

OCT - 3 2006

Clerk
District Court
The Northern Mariana Islands

3