1  **CIVILLE & TANG**
   G. PATRICK CIVILLE
2  JOYCE C.H. TANG
   PMB 86, P.O. Box 10003
3  Saipan, MP 96950-8903
   Telephone: 670-235-1725
4
   **LERACH COUGHLIN STOIA GELLER**
5     **RUDMAN & ROBBINS LLP**
   KEITH F. PARK
6  PAMELA M. PARKER
   655 West Broadway, Suite 1900
7  San Diego, CA 92101
   Telephone: 619/231-1058
8     – and –                                          **ALTSHULER, BERZON, NUSSBAUM,**
   ALBERT H. MEYERHOFF                                      **RUBIN & DEMAIN**
9  9601 Wilshire Blvd., Suite 510                       MICHAEL RUBIN
   Los Angeles, CA 90210                                177 Post Street, Suite 300
10 Telephone: 310/859-3100                              San Francisco, CA 94108
   310/278-2148 (fax)                                   Telephone: 415/421-7151
11
   *Attorneys for Plaintiffs*
12
                        UNITED STATES DISTRICT COURT
13
                        NORTHERN MARIANA ISLANDS
14

15 DOES I, et al., On Behalf of Themselves and All ) Case No. CV-01-0031
   Others Similarly Situated,                        )
16                                                    ) CLASS ACTION
                            Plaintiffs,               )
17                                                    ) REPORT OF PLAINTIFFS' COUNSEL ON
        vs.                                           ) CHECK DISTRIBUTION ISSUES AND
18                                                    ) RESPONSE TO FACTORIES' REQUESTS FOR
   THE GAP, INC., et al.,                             ) GUIDANCE
19                                                    )
                            Defendants.               ) DATE:    November 3, 2006
20 _____          ) TIME:    8:30 a.m.
                                                        JUDGE:   Alex R. Munson
21

22

23

24

25

26

Plaintiffs' counsel submits this report to update the Court on issues relating to the distribution of checks pursuant to the Settlement, and to respond to the factories' request for guidance on letters and checks they have received that are addressed to former employees.

## I.    STATUS OF CHECK DISTRIBUTION

As of the time of this writing, the Claims Administrator, Gilardi & Co. ("Gilardi") reports that 3,790 of the 29,700 checks mailed have been cashed, for a total cash distribution to date of $1,631,258.79 – or about 40% of the total amount distributed to workers. Of these cashed checks, 2,268 were cashed in China, 1,213 in Saipan, and the remainder in the Philippines, Thailand, Bangladesh and North America. About 3,000 checks have already been returned to Gilardi. Although it is too early to draw any firm conclusions from these initial data, it would appear that about a quarter of the checks mailed are now accounted for, and that the mail distribution system appears to be working fairly well, including in foreign countries.

Nonetheless, it is apparent that the majority of Class Members and Opt-In Plaintiffs have yet to receive or cash their checks. The checks were mailed to the workers' last known addresses, as provided by the factories or the workers themselves. Almost immediately, however, plaintiffs' counsel were advised that a number of these addresses are no longer current. Since counsel publicized a toll-free number and an e-mail address through which workers could contact Gilardi with questions about their checks, Gilardi has received over 200 such e-mails and telephone calls. The Oversight Board ("OB") has forwarded to Gilardi information regarding its contacts with workers. The OB also has been asked to forward to Gilardi hundreds of checks it received from the post office – checks that were mailed to a Saipan post office box address provided by workers, but that are now undeliverable because the factory that controls the post office box has gone out of business. (Those checks have not yet been returned to Gilardi.) In addition, plaintiffs' counsel has received a number of phone calls and e-mails from workers whose information has been passed on to Gilardi as well. All of this information has been added to a spreadsheet created by Gilardi, by which Gilardi can keep track of worker contacts and determine how best to resolve any check distribution issues.

Plaintiffs' counsel have received a number of calls and e-mails indicating that the toll-free number does not work consistently for callers from Saipan. Gilardi is working with the telephone company to

correct that problem – although we note that many other callers have succeeded in getting through. The telephone company has assured Gilardi that the problem will be resolved as soon as possible, or it will provide a different number. In the meantime, persons wanting to contact Gilardi can do so at the e-mail address provided (saipansettlement@gilardi.com). Alternatively, they can call the current toll-free number (800/496-8306), or they can call Gilardi at 415/458-3633. Calls to this last number would not be toll free, but there should be no problems getting through.

## II.    PROCEDURES AND PROPOSALS REGARDING MISDIRECTED OR MISSING CHECKS

Plaintiffs' counsel summarize below the procedures that they and Gilardi have been following to date and, in addition, make certain proposals in response to the factories' requests for guidance:

### A.    Inquiries Received by the Factories or the OB

If the factories or the OB receive any inquiries from workers in the future regarding missing or misdirected checks, they should: (1) request that the workers contact Gilardi directly by means of the e-mail address or the toll-free number provided; or (2) if that is not possible, forward the information promptly to Gilardi (e-mail is preferred and is the quickest route).

### B.    Worker Checks Received by the Factories

The factories have made various suggestions regarding the letters and checks already received by them. Plaintiffs' counsel do not recommend that these documents be forwarded to the OB. That entity already is fielding many inquiries and it is not equipped to deal with distribution of the checks to the intended recipients. Instead, plaintiffs' counsel suggest that, unless the factories are able to redistribute the checks to the intended recipients as set forth below, they should return the checks and the letters accompanying them to Gilardi at the following address:

Gilardi & Co.
c/o Lisa Poncia
3301 Kerner Boulevard
San Rafael, California 94901

The factories have indicated that there may be instances when a former employee will request that a friend or family member currently in Saipan cash the check and send the money to the employee's home

country. Plaintiffs' counsel have no objection to the factories assuming this task, so long as the following conditions are satisfied:

- The factories must be able to confirm that the person requesting that a third party cash the check is, in fact, the intended recipient of the check. Although the person's name may be enough for this purpose, some of the factories have noted that many employees have the same name. In this instance, it will be necessary to return the check to Gilardi, or at least obtain other identifying information from Gilardi, before the check can be redirected according to the former employee's instructions.

- The factories should keep detailed records of the employee's name, the check number, the dates of any contacts, and details about the disposition of the check (to whom was it delivered, that person's telephone number and/or address, and what that person was supposed to do with the check).

- The factories should not in any way publicize the names of the persons for whom they are holding checks. This could motivate others not entitled to the check to pretend they are the intended recipient.

**C.    Procedures Currently Being Used by Gilardi to Respond to Worker Inquiries**

As contacts from Class Members and Opt-In Plaintiffs are received, Gilardi will check the names and whatever other information each worker has provided against the database. Gilardi will: (1) match the worker's information to an entry in the database; (2) verify that the worker was sent a check to a different address; and (3) determine that the worker would like the check sent to the worker's present address. Only then will Gilardi stop payment on the existing check and send a new check to the new address provided by the worker.

For a number of reasons, it may not be possible to match names to the database. For example, there may be more than one person with the same name; there may be insufficient additional identifying information in the database to match with a specific name; the inquiry may be made by a person whose name differs slightly from one on the database; or, the name may be entirely absent from the database. In these events, Gilardi will need to obtain from the inquiring worker as much identifying information as possible to determine whether the check was issued to that person. This could be a time-consuming process depending on Gilardi's ability to reach the worker and the worker's ability to provide the information.

To expedite this process, plaintiffs' counsel is now asking workers (and, through ongoing publication of the toll-free number and e-mail address, will continue to ask workers) to provide as much identifying

1   information as possible when making their initial contact with Gilardi, so that Gilardi may more quickly

2   match them to the database. In the event it is not possible to match the worker to the database, that

3   individual will have to await further eligibility verification procedures pursuant to the Court's September

4   2004 Order setting up the Reserve Fund.

5   **III.    FUNDING ONGOING EFFORTS REGARDING CHECK DISTRIBUTION**

6   As the Court already is aware, the process of creating the database and ensuring its accuracy and

7   thoroughness was far more complex than counsel and the Claims Administrator contemplated, and has been

8   beset by a number of unforeseen difficulties. The Settlement negotiated by the parties and approved by the

9   Court provided for only $500,000 for expenses related to providing notice to Class Members and Opt-In

10  Plaintiffs, and administering the Settlement. That sum already has been exceeded by over $250,000, and

11  counsel anticipate that the expenses will continue to grow as plaintiffs' counsel and Gilardi attempt to

12  resolve check distribution issues and verify claims of persons not currently on the database.

13  At the time the Settlement was negotiated, the parties in good faith believed that the amount

14  allocated to administrative expenses would be sufficient. With the benefit of hindsight, of course, and due to

15  circumstances beyond counsel's and Gilardi's control, that has proven not to be the case. Plaintiffs' counsel

16  are diligently working to ensure that payments reach as many Class Members and Opt-In Plaintiffs as

17  feasible, but the means to achieve that goal have become extremely expensive. Counsel already are

18  considering a number of alternative methods of ensuring that checks get into the hands of the greatest

19  possible number of eligible persons, including, for example, setting up a paymaster or distribution center in

20  China. However, these and other methods cannot be implemented unless there is funding for them.

21  Notwithstanding counsel's and Gilardi's best efforts, it seems clear that a great number of Class

22  Members and Opt-In Plaintiffs will not receive their checks, or those checks will not be cashed. Plaintiffs'

23  counsel therefore propose that the Court permit reimbursement of reasonable administrative expenses over

24  and above the original Settlement allocation from undistributed funds intended originally for the Class

25  Members. Counsel respectfully submit that this is an appropriate use of these funds. At this stage of the

26  distribution process, every dollar of expense incurred by counsel is going solely to ensure the greatest

- 4 -

1    possible distribution to Class Members and Opt-In Plaintiffs.  However, it is apparent that 100% distribution

2    is neither practical nor feasible.

3         Paragraph 14 of the Settlement Agreement provides, in relevant part, as follows:

4         The Claims Administrator's distribution of the Net Settlement Fund money to Settlement
          Class Members and Opt-In Plaintiffs shall be by check delivered or mailed to the last known
5         valid address of such eligible Settlement Class Member and Opt-In Plaintiff. . . .  Should any
          Settlement payment to a Settlement Class Member or Opt-In Plaintiff be returned as
6         undeliverable with no forwarding address provided or remain uncollected for 120 days, the
          payment shall be retained as part of the Net Settlement Fund, to be distributed in the OB's
7         discretion to Settlement Class Members and/or Opt-in Plaintiffs or used to fund the
          Monitoring Program.

8
     Plaintiffs' counsel's efforts to get money into the hands of eligible claimants already have exceeded the
9
     requirements of the distribution process established in the Settlement Agreement.  In light of the OB's
10
     discretion over undistributed funds, plaintiffs' counsel have begun discussions with the OB about the
11
     possibility of paying for the ongoing expenditures incurred for the benefit of Class Members and Opt-In
12
     Plaintiffs from the undistributable funds.  The OB and plaintiffs' counsel will present a specific proposal to
13
     the Court upon the conclusion of their discussions.
14
     DATED:  November 2, 2006 ·                    Respectfully submitted,
15
                                                    CIVILLE & TANG
16                                                  G. PATRICK CIVILLE
                                                    JOYCE C.H. TANG
17

18                                                  By:
                                                              JOYCE C.H. TANG
19
                                                    PMB 86, P.O. Box 10003
20                                                  Saipan, MP 96950-8903
                                                    Telephone:  670/235-1725
21
                                                    LERACH COUGHLIN STOIA GELLER
22                                                     RUDMAN & ROBBINS LLP
                                                    KEITH F. PARK
23                                                  PAMELA M. PARKER
                                                    655 West Broadway, Suite 1900
24                                                  San Diego, CA  92101
                                                    Telephone:  619/231-1058
25

26

                                                - 5 -

1

2
**LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP**
ALBERT H. MEYERHOFF

3
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210

4
Telephone: 310/859-3100
310/278-2148 (fax)

5

6
**ALTSHULER, BERZON, NUSSBAUM,
   RUBIN & DEMAIN**
MICHAEL RUBIN

7
177 Post Street, Suite 300
San Francisco, CA 94108

8
Telephone: 415/421-7151

9
*Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
S:\CasesSD\Marianas\MIS 00036347.doc