| | |
|---|---|
| 1  **CIVILLE & TANG**<br>G. PATRICK CIVILLE<br>2  JOYCE C.H. TANG<br>PMB 86, P.O. Box 10003<br>3  Saipan, MP  96950-8903<br>Telephone: 670/235-1725<br>4<br>**LERACH COUGHLIN STOIA GELLER**<br>5    **RUDMAN & ROBBINS LLP**<br>KEITH F. PARK<br>6  PAMELA M. PARKER<br>655 West Broadway, Suite 1900<br>7  San Diego, CA  92101<br>Telephone: 619/231-1058<br>8       – and –<br>ALBERT H. MEYERHOFF<br>9  9601 Wilshire Blvd., Suite 510<br>Los Angeles, CA  90210<br>10 Telephone: 310/859-3100<br>310/278-2148 (fax)<br>11<br>*Attorneys for Plaintiffs* | F I L E D<br>Clerk<br>District Court<br><br>NOV 2 2 2006<br><br>For The Northern Mariana Islands<br>By_____<br>(Deputy Clerk)<br><br><br>**ALTSHULER, BERZON, NUSSBAUM,<br>RUBIN & DEMAIN**<br>MICHAEL RUBIN<br>177 Post Street, Suite 300<br>San Francisco, CA  94108<br>Telephone: 415/421-7151 |

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DOES I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>                         Plaintiffs,<br><br>vs.<br><br>THE GAP, INC., et al.,<br><br>                         Defendants. | Case No. CV-01-0031<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] ORDER REGARDING CHECK DISTRIBUTION ISSUES<br><br><br><br>JUDGE:  Alex R. Munson |

This matter came before the Court on November 3, 2006 at 10:30 a.m., for a hearing on the requests of various factory defendants for guidance regarding letters and checks they have received intended for their former employees who are Class Members and Opt-In Plaintiffs ~~Conference.~~ a R2m  The parties and other interested persons who entered formal appearances included Pamela Parker, Esq., Keith Park, Esq. and Michael Rubin, Esq., on behalf of plaintiffs; Steven Pixley, Esq., Richard Pierce, Esq., Robert O'Connor, Esq. and Ms. Carmen Gaskins on behalf of various factory defendants; Lisa Poncia of Gilardi & Co. (the Claims Administrator), and Mr. Timothy Bellas on behalf of the Garment Oversight Board (OB).

The factory defendants informed the Court that they had come into possession of numerous checks intended for their former employees, who are Class Members and Opt-In Plaintiffs in this case. This had occurred either because the intended recipients had requested that their checks be sent to the factory by which they had been employed, or because that was the last known address provided by the factory to plaintiffs' counsel or the Claims Administrator. The Court is also informed that the Post Office has forwarded to the OB hundreds of such checks that were addressed to a post office box no longer in use. In addition, the OB and factory defendants have received a number of inquiries regarding missing or misdirected checks.

Plaintiffs' counsel also advised the Court that they have received a number of such inquiries, that the Claims Administrator thus far has been the principal clearinghouse for all inquiries regarding the checks, and that an e-mail address and toll-free phone number have been set up to provide Class Members and Opt-In Plaintiffs with a means of contacting the Claims Administrator about their concerns. The Claims Administrator has received hundreds of e-mails and phone calls, although the toll-free number has not been functioning consistently for callers from Saipan.

To address these check distribution issues, the Court makes the following order:

1. The Claims Administrator shall continue to act as the clearinghouse for all Class Member and Opt-In Plaintiff inquiries regarding checks distributed pursuant to the Settlement, as well as the repository for all misdirected or undeliverable checks received by the factories and the OB. Except as provided in paragraph 4 below, all parties, including the OB, shall forward to the Claims Administrator (by e-mail, if

possible) all check-related inquiries they receive from former employees, as well as any checks intended for former employees that they receive and do not deliver pursuant to paragraph 4. They shall also provide to the Claims Administrator any information about the person making the inquiry (name, current address, Social Security number, employment dates and position, address in home country, whether or not that individual executed a Consent to Sue form etc.) that the person may be able to provide at the time the inquiry is made. The factories shall not be required to search their own records for, or provide to the Claims Administrator, the same information previously provided to plaintiffs regarding their former employees.

2. The Claims Administrator has informed the Court that the toll-free number cannot be repaired and a new number will be provided. Once that new number becomes available, plaintiffs' counsel shall publicize that number and the e-mail address via newspaper advertisements in Saipan. The advertisements shall advise Class Members and Opt-In Plaintiffs to provide as much identifying information as possible to the Claims Administrator in the first contact, so that the process of resolving check distribution problems may be expedited.

3. The Claims Administrator shall resolve all inquiries as quickly as is feasible. Regarding checks sent to an address that is no longer current, once the Claims Administrator has verified the Class Member's or Opt-In Plaintiffs' identity, the Claims Administrator shall stop payment on the original check, reissue the check to that person, and mail it to the newly designated address. (The Claims Administrator has confirmed that there would be no bank charge associated with stopping payment on the checks.) If verification is not possible, that person's inquiry shall be resolved after the 120-day period provided in paragraph 14 of the Settlement Agreement. Regarding inquiries about payments not yet made, the Claims Administrator shall compile as much information about the person claiming entitlement to a payment, and that claim shall be resolved after the 120-day period.

4. In certain instances, Class Members or Opt-In Plaintiff may approach the factories or the OB to claim their checks. If the checks are in the factories' or the OB's possession, the factories and the OB may, at their option, forward the checks to the Claims Administrator pursuant to paragraph 1 hereto, or

deliver the checks to Class Members and Opt-In Plaintiffs. If they choose to deliver the checks, however, they may do so only under the following circumstances:

    (a)    The check shall only be delivered to the intended recipient directly, not to or through any other third party or entity.

    (b)    The factory or the OB must verify the identity of the person claiming the check. Possible means of identification include: name, Social Security number, proof of employment, knowledge of dates of employment and photo identification. If necessary, the factory or the OB may first contact the Claims Administrator to obtain from it any available information regarding a particular Class Member or Opt-In Plaintiff. That information can then be used for verification purposes to compare with information provided by the person claiming the check.

    (c)    The factory and the OB shall not deliver the check if there is any question about the person's identity. Instances where checks should not be delivered include, by way of example only, if there is more than one person by that name and the available information is insufficient to distinguish among those individuals, or if the person claiming the check is unable to provide any corroboration of his or her identity.

    (d)    The factory and the OB must keep detailed records of each check distributed in the manner outlined here. Such records shall include the name of the Class Member or Opt-In Plaintiff, the other information used to verify the person's identity, the check number and amount, the date and manner of delivery to the intended recipient, and the name and position of the person making the delivery. Those records shall be made available to plaintiffs' counsel, the Claims Administrator and the Court upon request, but otherwise shall not be publicly available.

*   *   *

## ORDER

IT IS SO ORDERED.

1  DATED: November 22, 2006

_____
THE HONORABLE ALEX R. MUNSON
CHIEF JUDGE

RECEIVED

NOV 21 2006

Clerk
District Court
The Northern Mariana Islands

S:\CasesSD\Marianas\ORD 00036442.doc

- 4 -