FILED
Clerk
District Court

MAY 23 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE GAP, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. CV-01-0031<br><br><u>CLASS ACTION</u> |
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>BRYLANE, L.P., et al.,<br><br>　　　　　　　Defendants. | **ORDER FOR STATUS CONFERENCE** |
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE DRESS BARN, INC.<br><br>　　　　　　　Defendants. | |

1

There are several matters and issues in the above entitled litigation which, in the opinion of the Court, are appropriate subjects for a status conference, resolution and order. Those matters include, but are not limited to:

1. The amount of the undistributed funds held by Gilardi's & Co. as Claims Administrator for the benefit of Settlement Class Members (SCM) and for an accounting of all of the settlement funds distributed and to whom and of any expenses incurred.

2. It is appropriate for a representative of Class Action Plaintiffs' counsel, to provide an accounting of all undistributed Settlement Funds held in the Milberg Trust and an accounting of all Settlement Funds disbursed and to whom.

3. The Court seeks to insure that all expenditures from the Settlement Fund are in accordance with this Court's prior Order(s) and the Settlement Agreement and to finalize by Order this Class Action litigation.

4. In this regard, in the event that counsel for the Class Action Plaintiffs and the Claims Administrator advise the Court that they have made a good faith effort to discharge their respective responsibilities under the Settlement Agreement and by Court Order should be exonerated from any further obligation to the SCM, those parties may seek such an Order which shall find that all efforts to make distribution in accord with the Settlement Agreement have been exhausted fairly and responsibly and they are discharged and exonerated from further obligation to the SCM.

5. It is appropriate that any defendants in the class action litigation through their representative attorneys also be advised of this status conference and this Order and be allowed to participate in all matters before the Court.

6. The Court is aware that the garment Oversight Board (OB) has been in existence since 2003 and that its term is set to expire on July 29, 2007. It appears that the OB shall have several continuing obligations under the Settlement Agreement which will likely extend beyond July 29, 2007. Such obligations consist mainly of the responsibility placed on the OB to disperse any residual funds in the "Distribution Fund" and/or "Net Settlement Fund" under the provisions of Paragraphs 12 & 14 of the Settlement Agreement where there are undistributed Settlement Funds after a time now already expired.

7. It also appears that as of July 29, 2007, when the OB is to expire, the OB will also have unexpended operational funds available to it by reason of the reduction in monitoring expenses as a result of garment factory closings.

8. It, therefore, appears that the OB's term should be extended to comply with the provisions of Paragraph 12 & 14 of the Settlement Agreement with respect to the undistributed Settlement Funds and to expend any funds remaining in OB accounts as of July 29, 2007.

9. It is currently reported that there are approximately 2.5 to 2.7 million dollars of such undistributed Settlement Funds that should be delivered pursuant to Order of this Court to the OB for use along with unexpended OB funds for payment to workers determined by the OB as entitled to initial or further settlement payments; for repatriation

payments to garment workers in accordance with the standards set forth in the Settlement Agreement, for any focused garment factory inspections if ordered by the OB under standards set forth in the Settlement Agreement and for OB costs of administration as authorized under the Settlement Agreement.

8. In view of these several issues and concerns, the Court finds it reasonable and appropriate that this matter be calendared for a status conference,

Now Therefore,

IT IS HEREBY ORDERED that, any and all parties or their representatives, who have information pertinent to the Court's herein described inquiries shall appear for a Status Conference before this Court on 12th day of June, 2007 at the time of 9:00 AM. This Order shall, at a minimum, be applicable to a representative of Plaintiffs' counsel, the Claims Administrator and the OB and to attorneys for defendants in the Class Action, who may appear at their option. This Order shall be served by the OB on the respective parties.

Dated this 23rd day of May, 2007.

ALEX R. MUNSON, Chief Judge

RECEIVED

MAY 1 [illegible]

Clerk
District Court
The Northern Mariana Islands

4