F I L E D
Clerk
District Court

JUL 1 3 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DOES I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>THE GAP, INC., et al.,<br><br>          Defendants. | Case No. CV-01-0031<br><br>ORDER AFTER STATUS CONFERENCE |

This matter came before the Court on June 12, 2007, at 9:00 a.m., for a Status Conference. The parties who formally appeared at the Conference were: Pamela M. Parker, Esq., Keith Park, Esq., and Michael Rubin, Esq., for the plaintiffs; Brian McMahon, Esq., for various factory defendants; Timothy Bellas, Esq., Justice Richard Guy, and Justice Cruz Reynoso, for the Garment Oversight Board ("OB"); and Ms. Ryanne Fitzgerald, for Gilardi & Co., the Claims Administrator. Also present in the courtroom were counsel for various other factory defendants, and approximately 75 persons who indicated they were present or former garment workers and members of the Settlement Class.

I.     **FACTUAL FINDINGS**

With respect to the disposition of the undistributed Settlement Funds, the Court makes the following findings:

1. Based on the accountings presented to the Court, the Court understands that the following sums remain to be distributed pursuant to the Settlement: (i) approximately $2.295 million in undistributed Settlement Funds currently under the control of the Claims Administrator (representing, *inter alia*, uncashed checks, returned tax payments, and reserves previously withheld); (ii) approximately $340,000 remaining in the Milberg trust account, held principally as a tax reserve; and (iii) approximately $44,000 in a separate fund held by the Lerach Coughlin firm for the purpose of making Court-approved incentive payments to the Doe plaintiffs.

2. Of the $2.295 million currently under the Claims Administrator's control, approximately $65,000 is necessary to pay remaining claims to Settlement Class Members who have been identified and found to be eligible, and whose addresses are known. The Claims Administrator is currently in the process of making these final payments. However, upon transfer of the funds to the OB the Claims Administrator shall retain only said portion of the $65,000 for which checks have already been issued and are outstanding. The remainder of said $65,000 fund shall be transferred to the OB along with names and addresses of any persons who have not been paid out of this fund for such distribution to be completed by the OB.

3. Plaintiffs' counsel and the Claims Administrator estimate that they should be able to complete the process of making the incentive payments to the Doe plaintiffs, by December 31, 2007.

4. The Claims Administrator has informed the Court that certain questions remain open as to potential CNMI and IRS tax penalties resulting from the fact that the Claims Administrator did not have tax identification numbers for all settlement class members who have received checks so far. The Claims Administrator believes it likely that the IRS will agree to penalty abatement. In an abundance of caution, however, the Claims Administrator believes it is appropriate and necessary to withhold some small portion of the funds as a reserve against such potential penalties. In addition, notwithstanding the transfer of funds and liabilities associated therewith to the OB, the Claims Administrator is responsible for tax returns relating to the Settlement Fund and for negotiating additional tax abatements with respect to payments it already has made. These tax issues require further analysis by the Claims Administrator, plaintiffs' counsel and the OB. The Claims Administrator therefore proposes a reserve in the sum of $280,000, consisting of a maximum IRS penalty of $250,000; a reserve to pay for the Claims Administrator's abatement efforts ($25,000), and a reserve for "qualified settlement fund" tax returns for 2007 and 2008 ($5,000). The Claims Administrator believes it is not necessary to hold a reserve for any CNMI tax penalties in light of the tax refund expected from the CNMI. Plaintiffs' counsel and the OB will confer on these issues and report back to the Court by no later than September 14, 2007, to advise the Court as to a proposed disposition of this $280,000 reserve.

5. The Court is persuaded that plaintiffs' counsel and the Claims Administrator have made all reasonable efforts to ensure that payments have reached as many of the Settlement Class Members as possible. Plaintiffs' counsel and the Claims Administrator have investigated other options for attempting to locate and make payment to additional Settlement Class Members – including on-the-ground efforts in China – but these means are neither practicable nor cost-effective for plaintiffs' counsel and the Claims Administrator to pursue further.

6. The Court also believes that, if additional Settlement Class Members are to be located at all, the most efficient and cost-effective means of achieving that end will be through the efforts of the OB. Because of the OB's "on the ground" presence in Saipan, its physical proximity to China, and its current relationships with garment workers, the factories and the local governmental entities, the Court believes that, at this stage of the proceedings, the OB will have a better chance of identifying potential Settlement Class

Members, verifying their eligibility for payment, and ensuring payment in the most efficient, timely and cost-effective manner possible. Furthermore, to the extent that Settlement Funds still remain after such efforts are undertaken, the OB may use those undistributed funds for repatriation efforts or other purposes consistent with the Settlement Agreement, as the OB may propose and the Court may order.

7. Plaintiffs' counsel have requested that the Court reimburse the Claims Administrator, out of the undistributed Settlement Funds, for its costs necessarily and properly incurred since May 31, 2005 in its efforts to ensure the broadest possible distribution of the Settlement Funds. The Court concludes that it needs more information from the Claims Administrator to evaluate this request.

## II.   ORDER

In view of these findings, IT IS HEREBY ORDERED as follows:

1. The term of the OB, scheduled to expire on July 29, 2007, shall be extended through December 31, 2007, to enable the OB to receive and dispose of the undistributed Settlement Funds in a manner consistent with the terms of the Settlement Agreement.

2. As soon as possible, but in no event later than 30 days from the entry of this Order, plaintiffs' counsel and the Claims Administrator shall transfer to the OB the unencumbered portion of the undistributed Settlement Funds. Plaintiffs' counsel and the Claims Administrator estimate that this sum will be approximately $2,000,000. This amount is exclusive of: (i) the $65,000 that the Claims Administrator has estimated is necessary for payment to specific Settlement Class Members whose eligibility has been verified and whose current addresses are known (provided that, upon transfer of the funds to the OB, the Claims Administrator shall retain only said portion of the $65,000 (identified within Part I.2 above) for which checks have already been issued and are outstanding. The remainder of said funds shall be transferred to the OB along with names and addresses of any persons who have not been paid out of this fund for such distribution to be completed by the OB); (ii) the balance currently held in the Milberg trust account (about $340,000); (iii) the separate fund held by the Lerach Coughlin firm for Court-approved incentive payments to the Doe plaintiffs (about $44,000); and (iv) a reserve in the amount of $280,000 for tax-related matters. Upon the expiration of 120 days from the date the checks were already mailed, any uncashed checks shall be

deemed stale and these additional funds shall be transferred by the Claims Administrator back to the OB, with a listing of the names of those persons who were mailed a check but who failed to cash it with the 120 day period.

3. By September 14, 2007, plaintiffs' counsel and the OB will have conferred regarding the $280,000 tax-related reserve and will report to the Court as to its disposition, including whether it is necessary to continue to hold this sum in reserve or whether it can be transferred to the OB consistent with the legal obligations of the Claims Administrator. The Court has scheduled a further status hearing for September 14, 2007, at 10:00 a.m., Saipan time.

4. Upon transfer of the funds to the OB, the obligations of plaintiffs' counsel and the Claims Administrator with respect to those funds shall be deemed fully discharged and released – including, but not limited to, any obligations to make payment to additional Settlement Class Members (other than those included within Part I.2, above), to make tax payments on any future-issued checks as may be required by law, and to secure refunds of any future tax payments, as appropriate – and any such obligations shall be assumed by the OB. The Claims Administrator shall be responsible for resolving any remaining tax-related issues with respect to checks already issued by it (with the exception of the expected CNMI tax refund, which the OB may attempt to obtain to the extent allowed by law).

5. Together with the transfer of funds, the Claims Administrator shall transfer to the OB its computerized database of Settlement Class Members, and any other databases it has created that will facilitate the OB's efforts to identify eligible workers and avoid duplicative payments. The Court also understands that the Claims Administrator developed proprietary software which enabled it to calculate payments under the complicated formulas set forth in the Settlement Agreement. The Court is informed that, given its complexity, this software is not as readily transferable to the OB as the informational databases regarding the Settlement Class Members. Consequently, if through its future efforts the OB identifies additional Class Members eligible for payment, the Claims Administrator shall work with the OB to enable it to use this software, or to develop other means for calculating the payments to the additional Class Members.

1  6.  Within 120 days of receiving these funds, the OB shall submit to the Court, with a courtesy copy to plaintiffs' counsel, its proposed plan for disposing of the undistributed Settlement Funds.

7.  Within 20 days after the Claims Administrator has completed its remaining tasks with respect to the undistributed Settlement Funds, as outlined above, it shall submit to the Court, through plaintiffs' counsel and with service on the OB, a more detailed accounting of its activities and expenses incurred in connection with its efforts to distribute Settlement Funds to Settlement Class Members since May 31, 2005. The Claims Administrator shall specify the personnel who worked on this matter and their respective activities and hourly rates, as well as all out-of-pocket expenses. To ensure that funds are available in the event the Court approves reimbursement of the Claims Administrator's costs, plaintiffs' counsel shall continue to hold the funds currently in the Milberg trust until further order of the Court. Upon final order of this Court ordering the payment of additional compensation to the Claims Administrator, any residual amount remaining in the Milberg trust account after such Court-ordered supplemental payment will also be transferred to the OB for distribution.

8.  Upon the date of the final discharge of all parties mentioned herein who have held funds in trust, a final accounting of those funds shall be filed with the Court and a courtesy copy provided to plaintiffs' counsel and the OB.

Dated this ___13TH___ day of July, 2007

_____
THE HONORABLE ALEX R. MUNSON
Chief Judge
United States District Court

RECEIVED
JUL 13 2007
Clerk
District Court
The Northern Mariana Islands

S:\CasesSD\Marianas\Shared_Counsel\ORD GOB Rev II.doc

- 5 -