1  **CIVILLE & TANG**
   G. PATRICK CIVILLE
2  JOYCE C.H. TANG
   PMB 86, P.O. Box 10003
3  Saipan, MP  96950-8903
   Telephone: 670/235-1725
4
   **COUGHLIN STOIA GELLER**
5    **RUDMAN & ROBBINS LLP**
   KEITH F. PARK
6  PAMELA M. PARKER
   655 West Broadway, Suite 1900
7  San Diego, CA  92101
   Telephone: 619/231-1058
8        – and –
   ALBERT H. MEYERHOFF                          **ALTSHULER BERZON LLP**
9  9601 Wilshire Blvd., Suite 510               MICHAEL RUBIN
   Los Angeles, CA  90210                       177 Post Street, Suite 300
10 Telephone:  310/859-3100                     San Francisco, CA  94108
   3 10/278-2148 (fax)                          Telephone:  415/421-7151
11
   *Attorneys for Plaintiffs*
12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN MARIANA ISLANDS
14

15 | DOES I, et al., On Behalf of Themselves and All | ) | Case No. CV-01-0031 |
   | Others Similarly Situated, | ) | |
16 | | ) | CLASS ACTION |
   | Plaintiffs, | ) | |
17 | | ) | MARIANAS SETTLEMENT FUND REPORT |
   | vs. | ) | REGARDING POTENTIAL TAX PENALTIES |
18 | | ) | AND THE WITHHELD TAX RESERVE |
   | THE GAP, INC., et al., | ) | |
19 | | ) | DATE:      September 27, 2007 |
   | Defendants. | ) | TIME:      9:00 a.m. |
20 | | ) | JUDGE:    Alex R. Munson |

21

22

23

24

25

26

1    Pursuant to the Court's July 13, 2007 Order, plaintiffs' counsel respectfully submit this report

2  summarizing the Claims Administrator's efforts to resolve the question of whether a reserve is necessary to

3  account for potential tax liabilities, and if so, what the size of that reserve should be.

4    In the July 2007 Order, the Court set aside the sum of $280,000, consisting of $250,000 to cover the

5  maximum potential federal penalties, $25,000 to pay for efforts to obtain penalty abatements and $5,000 to

6  cover the cost of preparing tax returns for the Qualified Settlement Fund for 2007 and 2008. *See* July 13,

7  2007 Order at 2, ¶4.

8    Since that time, the Claims Administrator has consulted at length with tax experts, as a result of

9  which it is now proposing that the tax reserve be reduced to $130,000, and that the balance of the existing

10  reserve (totaling approximately $156,000) be promptly remitted to the Oversight Board (OB).    An

11  explanation of the proposal follows.

12  **I.    BACKGROUND**

13    As explained at the June 2007 status conference, one of the outstanding issues affecting the decision

14  of whether, and to what extent, the undistributed settlement funds could be turned over to the OB, was the

15  potential for tax penalties which could be imposed by the CNMI and federal authorities because tax

16  identification numbers (TINs) had not been available for all class members who had cashed their settlement

17  checks.  Specifically, the Claims Administrator reported settlement distribution payments as wages for

18  13,853 class members who had cashed their checks by the stale date of January 26, 2007, or for whom

19  checks had been reissued, had not yet been cashed, but likely would be cashed.  Of the total number of class

20  members for whom a wage payment was reported, 9,905 were missing TINs.

21    Applicable regulations provide that a Qualified Settlement Fund (QSF) may be subject to penalties

22  for failure to file correct or complete returns.  Those penalties may be imposed by both the CNMI tax

23  agency and the IRS/Social Security Administration (SSA).  The penalty is $50 per return (each Form W-2 is

24  considered a return).  However, the regulations also provide that a "small business" may qualify for a

25  reduced maximum penalty of $100,000.  Therefore, there was a possibility that if the QSF qualified as a

26

- 1 -

1    "small business," it would be exposed at most to a maximum potential penalty of $200,000 ($100,000 each

2    by the CNMI and IRS/SSA).

3       The CNMI authorities have been holding approximately $350,000 in taxes from checks issued to

4    class members that were never cashed.  These withheld taxes were deposited with the CNMI when the

5    checks were issued, in accordance with applicable regulations.  The Claims Administrator has requested

6    refunds for uncashed checks, but that request has not yet been acted upon.  The Claims Administrator

7    believes that these withheld CNMI funds are of sufficient size that they may be used to pay any CNMI

8    penalties should the CNMI not ultimately agree to abate those penalties.  Because of that pool of funds, there

9    is no need for a reserve to account for any CNMI tax penalties, and none was requested or provided for at

10    the June 2007 status conference.

11       At the time of the conference, however, the Claims Administrator had not yet determined with

12    sufficient confidence that the QSF qualified as "small business" and thus could obtain the benefit of the

13    reduced maximum penalty.  Until that issue could be clarified, the Claims Administrator and plaintiffs'

14    counsel believed it prudent to set aside a tax reserve sufficient to cover any IRS/SSA penalties, assuming

15    that the reduced maximum penalty was *not* available.

16       Since that time, and after additional consultations with tax specialists, the Claims Administrator has

17    determined with a sufficient degree of confidence that the QSF falls within the category of "small

18    businesses" that qualify for the reduced maximum penalty.  Consequently, it is no longer necessary to

19    maintain the larger reserve.  Under the reduced penalty, a reserve of $100,000 will cover any potential

20    exposure to IRS/SSA tax penalties.  Although the Claims Administrator believes that the federal authorities

21    likely will be inclined to favorably consider a penalty abatement request, maintaining this smaller reserve

22    continues to be the prudent course.

23       Any IRS penalty notice will be issued, at the earliest, during the first quarter of 2008.  Penalty

24    abatement efforts cannot be commenced before the notice is received.  Although the Claims Administrator

25    believes that any penalty abatement will be determined by this time next year, it will be necessary to hold

26    the reserved funds until at least that time.

## II.    PROPOSAL

The Claims Administrator strongly recommends that a reserve be maintained, out of an abundance of caution, to cover for any future federal tax penalties. However, the Claims Administrator believes that the amount required to pay any federal tax penalties will not exceed $100,000, for the reasons explained above. Accordingly, the Claims Administrator proposes that this sum be maintained in a reserve fund for this purpose.

In addition, the Claims Administrator believes the sums previously set aside for preparation of the 2007 and 2008 tax returns, and for penalty abatement efforts ($5,000 and $25,000, respectively) properly should be maintained in the reserve to cover those expenses. Thus, the total withheld reserve for tax purposes would be $130,000.

The current balance in the settlement distribution account is approximately $286,000. The Claims Administrator proposes withholding $130,000 as a tax reserve, and remitting the balance to the OB immediately.

## III.    THE PLANNED SEPTEMBER 14, 2007 STATUS CONFERENCE

The Court scheduled another status conference for September 14, 2007, for the express purpose of further considering the outstanding tax reserve questions. *See* July 13, 2007 Order at 4, ¶3. Plaintiffs' counsel respectfully submits that, if the foregoing proposal for the reduction of the tax reserve is acceptable to the Court and to the OB, and there are no additional concerns or questions, there is no need to proceed with the status conference. In that event, plaintiffs' counsel propose that the status conference be postponed until such time as the Claims Administrator has submitted its reimbursement request pursuant to the July 13 Order, which we anticipate will occur by mid-October 2007. *See id.* at 5, ¶7.

1    Plaintiffs' counsel are submitting a proposed order with this report.

2  DATED:  September 27, 2007                    Respectfully submitted,

3                                               **CIVILLE & TANG**
                                                G. PATRICK CIVILLE
4                                               JOYCE C.H. TANG

5

6                                               By: _____
                                                        JOYCE C.H. TANG
7
                                                PMB 86, P.O. Box 10003
8                                               Saipan, MP  96950-8903
                                                Telephone:  670/235-1725
9
                                                **COUGHLIN STOIA GELLER**
10                                              **  RUDMAN & ROBBINS LLP**
                                                KEITH F. PARK
11                                              PAMELA M. PARKER
                                                655 West Broadway, Suite 1900
12                                              San Diego, CA  92101
                                                Telephone:  619/231-1058
13
                                                **COUGHLIN STOIA GELLER**
14                                              **  RUDMAN & ROBBINS LLP**
                                                ALBERT H. MEYERHOFF
15                                              9601 Wilshire Blvd., Suite 510
                                                Los Angeles, CA  90210
16                                              Telephone:  310/859-3100
                                                310/278-2148 (fax)
17
                                                **ALTSHULER BERZON LLP**
18                                              MICHAEL RUBIN
                                                177 Post Street, Suite 300
19                                              San Francisco, CA  94108
                                                Telephone:  415/421-7151
20
                                                *Attorneys for Plaintiffs*
21

22

23

24

25

26  S:\CasesSD\Marianas\MIS 00045472.doc

- 4 -

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          NORTHERN MARIANA ISLANDS

10  DOES I, et al., On Behalf of Themselves and All ) Case No. CV-01-0031
    Others Similarly Situated,                      )
11                                                   ) CLASS ACTION
                            Plaintiffs,              )
12                                                   ) [PROPOSED] ORDER REGARDING
        vs.                                          ) REDUCTION OF WITHHELD TAX RESERVE
13                                                   )
    THE GAP, INC., et al.,                           )
14                                                   ) DATE:      September 27, 2007
                            Defendants.              ) TIME:      9:00 a.m.
15  _____) JUDGE:     Alex R. Munson

16

17

18

19

20

21

22

23

24

25

26

1    This matter came before the Court in connection with a planned status conference originally

2 scheduled for September 14, 2007. The Court scheduled the conference in its July 13, 2007 Order for the

3 purpose of considering the continued need for, and size of, a $280,000 reserve of undistributed funds

4 withheld for the purpose of covering potential tax penalties arising from distribution of the settlement funds,

5 as well as to pay for the cost of efforts to secure abatements of any such penalties and preparing fund tax

6 returns. *See* July 13, 2007 Order at 3, ¶2.

7    Plaintiffs' counsel have submitted a report on the Claims Administrator's efforts to obtain additional

8 information relevant to the potential tax penalties, and setting forth a proposal for the reduction of the

9 existing tax reserve. This report and proposal have been served on the Oversight Board.

10    No objections having been stated by the Oversight Board, and good cause appearing therefor, the

11 Court ORDERS as follows:

12    1.    The existing tax reserve shall be reduced to a total of $130,000, consisting of (a) $100,000 to

13 cover any future federal tax penalties; (b) $25,000 to pay for efforts to secure abatements of all penalties

14 (both CNMI and federal); and (c) $5,000 to pay for preparation of the settlement fund's 2007 and 2008 tax

15 returns. If and when the Claims Administrator determines that the reserve is no longer necessary, or

16 alternatively, when the Claims Administrator's duties with respect to the tax-related issues are fulfilled, the

17 Claims Administrator will so notify the parties and the Court so that provision may be made for any funds

18 remaining in the reserve.

19    2.    The balance of the fund (approximately $156,000) shall be remitted to the Oversight Board

20 within 10 days of the entry of this order.

21

22

23

24

25

26

- 1 -

1      3.      The Status Conference originally scheduled for September 14, 2007 to discuss tax reserve-

2   related matters is postponed.  The Court will reschedule the Status Conference when it receives the Claims

3   Administrator's request for reimbursement of costs, as anticipated by the July 13, 2007 Order. *See id.* at 5,

4   ¶7.

5          Dated this _____ day of September, 2007

6

7

8                                                      _____

9                                                      THE HONORABLE ALEX R. MUNSON
                                                       Chief Judge, U.S. District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   S:\CasesSD\Marianas\ORD 00045480.doc

- 2 -