**CIVILLE & TANG**
G. PATRICK CIVILLE
JOYCE C.H. TANG
PMB 86, P.O. Box 10003
Saipan, MP 96950-8903
Telephone: 670/235-1725

**COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
KEITH F. PARK
PAMELA M. PARKER
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
 – and –
ALBERT H. MEYERHOFF
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

*Attorneys for Plaintiffs*

**ALTSHULER BERZON LLP**
MICHAEL RUBIN
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: 415/421-7151

FILED
Clerk
District Court

JAN 1 8 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DOES I, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>THE GAP, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. CV-01-0031<br><br>**CLASS ACTION**<br><br>ORDER GRANTING CLAIM ADMINISTRATOR'S REQUEST FOR PAYMENT OF SETTLEMENT-RELATED FEES AND EXPENSES<br><br>DATE:　January 10, 2008<br>TIME:　10:00 a.m.<br>JUDGE:　Alex R. Munson |

671 4772511    CIVILLE & TANG          CIVILLE & TANG, PLLC        12:13:12 p m    01-18-2008      3 /5
Case 1:01-cv-00031    Document 1221    Filed 01/18/2008    Page 2 of 4

1. This matter came before the Court on January 10, 2008, at 10:00 a.m., for hearing on the request by Claims Administrator Gilardi & Co. (Gilardi) for payment of that portion of its settlement-related fees and expenses which exceed the amount originally allocated in the Settlement Agreement for claims administration. Appearing by telephone were: Keith Park, Esq. and Pamela M. Parker, Esq. of Coughlin Stoia Geller Rudman & Robbins LLP, and Joyce C.H. Tang, Esq. of Civille & Tang, counsel for plaintiffs; Timothy H. Bellas and Richard M. Guy, Chairperson and Secretary/Treasurer, respectively, of the Garment Oversight Board; and Daniel Burke, Esq. and Ms. Ryanne Fitzgerald of Gilardi. Robert O'Connor, Esq., representing various factory defendants, appeared in person.

The Court, having carefully reviewed the submissions of Gilardi and of plaintiffs' counsel, makes the following findings:

1. This case was unusually complex and presented a number of challenging circumstances for claims administration, the extent of which was not foreseen at the outset of the Settlement process. For instance, the case involved over 30,000 potential claimants from 20 countries, who speak multiple languages. Gilardi was tasked with overseeing the translation of at least 100,000 pages of documents, and faced a number of challenging and sometimes intractable problems with respect to gathering sufficient and reliable information regarding each of the claimants to ensure delivery of Settlement payments in the proper amounts. Developing an accurate and thorough database of claimant information was especially time-consuming and expensive.

2. The Settlement itself entailed the use of complex formulas for calculating payments to Opt-In Plaintiffs and Class Members, requiring Gilardi to develop special, proprietary software to ensure accurate calculation of those payments.

3. Gilardi has endeavored to administer the Settlement as efficiently and expeditiously as possible under the circumstances.

4. The Court concludes that Gilardi's total fees and expenses, while perhaps high by comparison to other, more typical class actions, are reasonable in light of the unusually complex characteristics of the

1  Settlement and the claims administration process, and were incurred for the benefit of the Opt-In Plaintiffs
2  and Class Members.
3        NOW THEREFORE, in light of the foregoing findings, and no objections having been stated by the
4  Garment Oversight Board or defendants, the Court hereby ORDERS as follows:
5        5.    Gilardi's request for payment of its outstanding invoices relating to its claims administration
6  work in this case is GRANTED. Plaintiffs' counsel shall promptly transfer to Gilardi the sum of
7  $295,423.44 from the remaining Settlement funds held in their trust account. The balance of that account
8  shall be immediately transferred to the Garment Oversight Board.
9        6.    Plaintiffs' counsel shall continue to maintain the approximately $44,000 fund they now hold,
10 which was designated for incentive payments to the Doe plaintiffs under the terms of this Court's order
11 approving the Settlement of this action. Counsel shall continue their efforts to locate the Doe plaintiffs who
12 have not yet received their incentive payments. Any sums still remaining in that fund upon the expiration of
13 30 days from the date of entry of this Order shall be transferred immediately to the Garment Oversight
14 Board.
15       7.    The Claims Administrator's remaining tasks include providing ongoing assistance to the
16 Garment Oversight Board as needed, and handling federal tax matters. Gilardi shall continue to hold the tax
17 reserve fund previously authorized by the Court for the purpose of resolving federal tax-related issues.
18 Plaintiffs' counsel and Gilardi anticipate that by approximately the end of the first quarter 2008 (early April
19 2008), the U.S. tax authorities will make clear whether any further sums will be assessed against the
20 settlement fund as a result of the lack of complete tax identification information regarding various claimants.
21 Gilardi shall attempt to expeditiously resolve with the U.S. authorities any outstanding issues of tax refunds
22 or penalties. Gilardi and plaintiffs' counsel shall promptly advise the Court once those matters have been
23 resolved, and shall immediately transfer to the Garment Oversight Board any funds remaining in the tax
24
25
26

reserve when that process is completed. The Garment Oversight Board will undertake to meet as promptly as possible with the local tax authorities to resolve any outstanding penalty or refund issues relating to CNMI tax matters.

DATED this __18TH__ day of January, 2008.

_____
THE HONORABLE ALEX R. MUNSON
CHIEF JUDGE

C:\DOCUME~1\pamp\LOCALS~1\Temp\MetaSave\ORD 00048338.doc

- 3 -