```
                                                    F I L E D
                                                        Clerk
                                                    District Court

                                                    JAN 2 2 2008

                                                For The Northern Mariana Islands
                                                By_____
                                                          (Deputy Clerk)
```

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE GAP, INC., et al., )<br>)<br>Defendants. )<br>_____) | Case No. CV-01-0031<br><br>CLASS ACTION |
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>BRYLANE, L.P., et al., )<br>)<br>Defendants. )<br>_____) | ORDER APPROVING PLAN OF GARMENT OVERSIGHT BOARD FOR DISTRIBUTION OF RESIDUAL FUNDS |
| DOE I, et al., On Behalf of Themselves and All Others Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>vs. ) | |

1

|  |  |
|---|---|
| THE DRESS BARN, INC. | ) |
|  | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

This matter came before the Court on January 10, 2008 for a hearing on the Proposed Plan (Plan) of the Garment Oversight Board (GOB) to distribute all residual funds in its custody in the above entitled matter. Appearing at the hearing telephonically, were the attorneys for the Plaintiffs, Pamela M. Parker, Esq., Keith Park, Esq., and Joyce CH. Tang, Esq. Appearing for the Claims Administrator (CA), Gilardi & Co., were Ms. Ryanne Fitzgerald and Mr. Daniel Burke. Appearing for the GOB, were two of its members, Timothy H. Bellas and Richard P. Guy. Appearing in the Courtroom was Robert J. O'Connor, Esq. on behalf of several garment factory Defendants.

During the course of the hearing it was made known to the Court that there are various issues which are currently not determinable and which will influence the actual amount to be finally distributed pursuant to the proposed terms of the Plan.

Therefore, it was suggested that the Plan be approved in concept and in the methodology by which the residual funds would be dispersed.

More specifically, the GOB proposed:

A. *As to three hundred thirty two (332) garment workers who never received a payment.*

    1.    to make an initial distribution of funds, similar to the one made by the CA, to three hundred thirty two (332) garment workers who were not previously included in the initial distribution but who have provided documentation to the GOB showing

2

that they were qualified to be members of the class and most of whom are still located on Saipan.

2. These 332 persons shall receive a payment of $479 each. The computation is based on the fact that most of these workers were working in the industry for all of the relevant periods defined in the Settlement Agreement (SA).

3. Except for citizens of the Philippines, FICA taxes shall be withheld from such distributions and paid to the US Government.

4. CNMI taxes shall be withheld from the payment to each of these workers but shall not be forwarded to the CNMI Government due the overpayment of such taxes from the first distribution.

5. The GOB shall wait sixty (60) days from this distribution to determine if all of the 332 checks have been negotiated.

6. All checks which have not been negotiated or returned to the GOB by the close of the 60 day period will be cancelled and the proceeds included as part of the corpus of the residual funds.

B. *As to those workers who the CA has requested that their checks be reissued.*

1. There are eighty-eight (88) workers whose checks have been are currently being reissued.

C. *As to those workers who the CA has previously indicated it did not have a valid address and which the GOB now has more current address.*

1. There are two hundred forty-two (242) workers who did not receive the initial distribution from the CA because their addresses were not valid but who have now

made contact with the GOB and given more accurate addresses.

2. These workers will have a check in the amount that was previously issued by the CA reissued to them.

D. *As to the final Residual Fund distribution.*

1. The Residual Fund (RF) shall be defined as the amount remaining:

    a. Once all of the distributions stated above have been completed; and

    b. the operating expenses of the GOB until its current expiration date of July 31, 2008 have been deducted; and

    c. all other contingent amounts held by the CA or Plaintiffs' counsel have been remitted to the GOB, and

    d. the GOB has received any over payment amount paid to the CNMI Government in taxes from the first distribution.[1]

2. The total workers who are eligible to receive a supplemental payment, pursuant to the terms of the SA, are those who actually received and negotiated the first distribution payment from the CA.

3. Therefore, in addition to the thirteen thousand eight hundred eighty (13,880) workers who negotiated the first distribution checks, the workers who negotiate the new payments specified in paragraphs A, B and C above from the GOB shall be added in order to compute the total number of workers who will receive a RF

---

[1] The Court has specifically, in previous orders, authorized the GOB to negotiate with the CNMI Tax authorities in order to expeditiously recover any such over payments and the CA has cooperated in such efforts by the GOB. The Court has also authorized the GOB to bring any issues relating to this tax matter back before this Court

distribution.

4. The amount of the RF payment per worker will be computed by dividing the total number of workers as defined in subparagraph D.3 above into the RF.

5. This payment shall be made within thirty (30) days from the expiration of the period specified in subparagraphs A.5 & 6 above.

6. Within ninety (90) days but not less than sixty (60) days from the mailing of the RF fund distribution the GOB shall stop payment on all checks that have not been negotiated.

7. The GOB shall, thereafter prepare an accounting of the amount of the funds that were distributed and those which remain undistributed or were returned.

8. Said accounting shall be filed with the Court and served on the parties who continue to appear in this matter.

E. *Establishment of Garment Workers Trust Fund (GWTF).*

1. Unless an objection is filed with the Court, or the Court schedules the matter for a hearing *sua sponte*, after filing and service of the accounting, the funds will be designated as the corpus of the GWTF.

2. Initially the GOB shall provide assistance to garment workers from the GWTF in accordance with the terms and conditions of the three (3) page document entitled the *Garment Workers Trust Fund* and attached to the GOB's Proposed Plan as an Exhibit.

3. Once the one year period for this direct assistance expires, the GOB may solicit from charitable organizations requests for funding of community benefit

projects.

4.   Prior to making any such donations from the GWTF, the GOB shall file with the Court and serve on any interested party a detailed description of the donation proposed. Donations shall not be made until and unless they are first approved by the Court.

5.   While the members of the GOB shall serve as trustees of the GWTF without compensation and without bond, any and all reasonable expenses for the administration of the GWTF shall be paid from the corpus.

6.   During the term of the GWTF, a semi annual accounting of the funds and expenses incurred shall be submitted to the Court and any interested parties.

IT IS SO ORDERED.

Dated this 22nd day of January, 2008.

_____
ALEX R. MUNSON, Chief Judge